JOSEPH B. TORONTO, Respondent, *v.* SALT LAKE COUNTY, Appellant.

1. County Treasurer.—Compensation.—Reduction After Services are Rendered.—Remedy.—School Laws 1890, § 82 (Session Laws 1890, p. 124) as amended by Session Laws 1892, p. 119, provides that the county treasurer shall hold the special school fund subject to the orders of the county superintendent and shall receive such compensation. as the county court may determine, to be paid on the warrant of the county superintendent. Id. p. 117, § 75, provides that the county superintendent shall apportion the school fund to the several school districts within the county; "*Provided*, that before making such apportionments he shall set aside so much of said fund as the county court shall order for the payment of the compensation of the &ast; &ast; &ast; treasurer &ast; &ast; &ast; ." Upon the application of the county treasurer during his term of office, the county court fixed his compensation for such services at $500 per annum. The county treasurer having performed such services during the entire term of his office for twenty-eight months, applied to the county court for an allowance of his claim of $1,166.66. After the expiration of his term of office the court approved his claim in the sum of $500 for his entire services. *Held, first,* that the treasurer's right to compensation had become vested under the order fixing the salary at $500 per annum and that the subsequent order of the county court allowing him only $500 in full payment, was without jurisdiction and void. *Second,* that the county court having refused to allow the treasurer's claim in full, an action against the county, and not *mandamus* against the county superintendent to compel him to issue a warrant for the amount claimed, was the proper remedy.

2. Claims Against County Funds.—County Court.—Authority to Draw Warrants.—All claims of whatever nature against county funds should be presented to the county court, and its allowance by that body is sufficient authority to the proper ministerial officer to draw his warrant on the treasurer for the payment of the same.

(No. 519.  Decided July 27, 1894.  37 P. R. 587.)

APPEAL from the District Court of the Third Judicial District, Hon. Samuel A. Merritt, *Judge.*

Action by Joseph B. Toronto against Salt Lake County to recover a balance due him for services as county treasurer of such county. The court sustained plaintiff's motion to strike out part of answer and for judgment on the pleadings and rendered judgment in his favor for the full amount claimed. From which judgment, defendant appeals. *Affirmed.*

Session Laws 1892, p. 117, § 75, provides that the county superintendent shall apportion the school fund to the several school districts within the county, "provided that before making such apportionments he shall set aside so much of said fund as the county court shall order for the payment of the compensation of the * * treasurer * * *."

*Mr. Walter Murphy,* County Attorney, for appellant.

The county court had the right and power to subsequently reconsider and rescind the resolution fixing the compensation of the county treasurer at $500 per annum, and to determine the compensation at a different amount. It is a fundamental rule of law that the relation between a public officer and the public is not a contract relation, nor is his right to compensation a contract right. The office of the county treasurer is created by statute, and the legislature or other proper authority may abolish it; may increase or diminish its duties or compensation, or abolish the office altogether. If no compensation be provided by law, the officer can recover none. There can never be a recovery upon a *quantum meruit.* *Connor* v. *New York,* 2 Sandford, 355; 5 N. Y. 285; *U. S.* v. *Fisher,* 109 U. S. 143; *U. S.* v. *Mitchell,* Id. 146; *Butler* v.

*Pennsylvania,* 10 How. 402; Mechem, Public Officers, §§ 855–6–7, and cases cited; Mechem, Public Officers, § 466; Dillon Mun. Cor. § 231.

Plaintiff had no right to any compensation for the performance of the additional duties imposed by the school acts except as the law might provide. In the absence of such provision, he must perform those duties without compensation or resign. Should the county court refuse to determine any compensation, plaintiff could compel it by *mandamus* to act but not to name any particular compensation. Plaintiff rests his right to recover solely upon the proposition that when the court fixed the compensation for this class of services at $500 per annum, he *instanter* gained thereby a vested right to compensation. The county court by its subsequent order fixed the entire compensation of the treasurer for his services under the school acts at $500. Such bodies as the county court have everywhere the general power to reconsider, rescind or modify their previous acts and resolutions where the latter have not previously operated to finally vest rights in third persons—as the resolution in question did not. Dillon Mun. Cor. § 290; *Estey* v. *Starr,* 56 Vt. 690; *People* v. *Rochester,* 5 Lansing, 14. But assuming that the county court had no power to rescind or modify the order fixing the compensation, then plaintiff has mistaken his remedy and had no right to bring or maintain this action. The county is not liable for such compensation, and it is a charge merely against a particular public fund and payable from no other source and a judgment against the county is erroneous. In the absence of a statute imposing it there is no county liability. Counties are parts and arms of the state government. Dillon Mun. Cor. §§ 29, 963 and cases cited; *Crowell* v. *Sonoma County,* 25 Cal. 313; *Hamilton County* v. *Mighels,* 7 O. St. 109; *Symonds* v. *Clay County,* 71 Ill. 355; *Schuyler County* v.

*Mercer County,* 4 Gillman (Ill.), 20; *Rock Island* v. *Steele,* 31 Ill. 544.

The compensation is to be paid from a special school fund, which is a special public fund, subject to be drawn against exclusively by the superintendent of county schools, and is in no manner under the control of the county court. The treasurer cannot legally honor any draft on the fund except upon a warrant drawn by the superintendent. The county court can only pass a resolution determining the salary. It did this by the resolution fixing the treasurer's compensation at $500 per annum. If, as plaintiff claims, this resolution gave him a vested right, then there was nothing for the county court to do, and the county superintendent should draw his warrant for the amount due the treasurer, and if he failed upon request to do this, the plaintiff's proper remedy was by *mandamus* against him. This was clearly plaintiff's remedy, and his exclusive remedy. It was the superintendent's duty to multiply the rate of compensation fixed by the court by the length of time plaintiff served and draw his warrant for the amount thus ascertained. There can be no question that when a claim is by law made payable out of a particular fund, resort must be had to that fund alone, and any legal proceedings must be with respect to, and must act upon, that fund. *Bror* v. *Phillips Co.,* 4 Dill. 216; *Lake* v. *Williamsburg,* 4 Denio, 520; *McCullough* v. *Brooklyn,* 23 Wend. 458; *Tippecanoe* v. *Cox,* 6 Ind. 403; *Campbell* v. *Polk Co.,* 49 Mo. 214. Plaintiff has no right to a general money judgment against Salt Lake county under any circumstances. Certainly not when a special fund has been designated by law for the payment of his claim and he has refused to make any application or take any steps prescribed by law to obtain it from that fund. Where a debt is payable from a particular fund, the remedy is by *mandamus,* and not by

action. *Illinois Hospital* v. *Higgins,* 15 Ill. 185. If the county court had a further duty to perform after having once fixed the compensation at $500 per annum, it was the purely ministerial one of multiplying the rate by the time of service and making an order on the superintendent for the amount so ascertained. *Mandamus* was the proper remedy to compel the performance of such duty.

*Messrs. Williams, Van Cott & Sutherland,* for respondent.

Respondent contends that when the defendant attempted to reduce his compensation after the service had been entirely performed and the office vacated by him and the compensation entirely earned, it was an infringement upon vested rights and void. *Givens* v. *Davies County,* 17 S. W. R. 998; *Goetzman* v. *Whittaker,* 46 N. W. R. 1058. *Mandamus* was not the proper remedy, because there was a plain, speedy and adequate remedy in the ordinary course of law. No action can be maintained against any county until the claim has been presented to the county court with proof of its correctness and until the same shall have been disallowed by said court. Laws of 1878, p. 4, § 6; 1 Comp. Laws 1888, p. 293, § 172; *Fenton* v. *Salt Lake County,* 3 Utah, 423; *Taylor* v. *Salt Lake County,* 2 Utah, 405. *Mandamus* will not lie in case of doubtful right. *People* v. *Johnson,* 39 Am. Rep. 63. If appellant had applied for a writ of mandate against the county superintendent for a warrant of $1,166.66 and he had replied that the county court had only set aside $500 for appellant, and that he was only entitled to that sum, the answer would have been sufficient and the writ denied.

SMITH, J.:

The plaintiff brings this action to recover $1,166.66, which he claims to be due him as extra compensation for

official services rendered as county treasurer of defendant county. The claim for compensation is based upon section 82 of the school law of 1890, which is as follows: "The county treasurer shall receive and hold as a special school fund, subject to the orders of the county superintendent all district school moneys from whatever source received and keep a separate account thereof, and when the same is apportioned to the school district shall open and·keep a separate account with each district. He shall, on or before the first day of August in each year, make a report," etc. "The county treasurer shall receive such compensation out of the county school fund as the county court may determine for the services rendered by him in pursuance of this act." By a subsequent amendment of this section, it was provided that such compensation should be paid upon the warrant of the county superintendent of schools. After this law was in force, plaintiff was elected county treasurer, and entered upon the discharge of his duties September 1, 1890, and continued performing his duties to December 31, 1892,—a period of 28 months.

Shortly after he qualified, plaintiff made application to the county court to fix his compensation as provided in this statute. Some time afterwards, and during his term of office, such compensation was fixed at $500 per annum. No part of it, however, was paid to plaintiff up to the time that he retired from office, on March 13, 1893; and after his term of office had expired, he having in the meanwhile asked an order of the county court appropriating the sum of $1,166.66 from the school fund in payment of his compensation, the county court, upon its own motion, made an order allowing $500 as full compensation for the two years and four months that plaintiff had served as county treasurer. The plaintiff claims that his right to compensation had become vested under the order fixing the salary at $500 per year, and that the subse-

quent order of the county court, allowing him $500 in full payment of all compensation for his term of office of two years and four months, was without jurisdiction and void, and this is the principal question involved in this appeal. Judgment in the court below was rendered upon the pleadings, on motion of plaintiff, in his favor, for the full amount claimed, and from that judgment the county appealed.

It is contended by the appellant county that there is no contract relation between the government and a public officer; that the right of a public officer to compensation is not a contract right. Many authorities are cited by the appellant to sustain this proposition, and the proposition, that is necessarily a part of it, that a public officer can never recover upon a *quantum meruit.* We think this position is correct, in a case to which it applies. The difficulty is that this case does not come within the rule; a different rule obtaining where, as in this case, an officer has already performed the services for which he claims compensation, provided the compensation has been fixed by the proper authority at the time the services were rendered. The plaintiff asked the county court to fix his compensation at or shortly after the time of his qualification. For some reason, not explained, there was considerable delay in making the order, but it was finally made, and made during his term of office, and upon his petition. We think that the true rule in such case is stated in the case of *Givens* v. *Daviess Co.* (Mo. Sup.), 17 S. W. 998, where the court say: "Every day he [the officer] held the office, the law vested in him the right to a due proportion of the salary as at that time fixed; and consequently an order changing the compensation could not have a retrospective operation, and divest him of what was his already."

That case was exactly like the one at bar. It must be

observed that, when the county court undertook to reduce the plaintiff's compensation for 28 months' services, he had already fully completed his term of office, and his compensation, whatever it was, was completely earned; and, as we hold, his right to such compensation was completely vested. A vested right is a title, legal and equitable, to the present and future enjoyment of property, or to the present enjoyment of a demand or a legal exemption from a demand made by another. With this definition before us, it is difficult to see why the plaintiff, when his term of office is completed, and his services entirely rendered, did not have a complete vested right to the present and future enjoyment of the compensation attached to his office by law at the time he held it and performed the services. It is true that an officer has no property in the prospective compensation attached to his office, whether it be in the shape of salary or fees for services yet to be rendered. But we think, both upon principle and authority, he has a complete vested right of property in the compensation fixed by law for services rendered, and that this right is one that cannot be taken away, as was attempted in this case, by an order made after his term of office had expired.

This determines the principal question in the case against the appellant, and there remains but one more matter that we need consider. It is claimed by the appellant that in any event the plaintiff cannot maintain this action against the county; that his remedy is by *mandamus* against the county superintendent of schools, to compel him to issue the warrant for the amount claimed. This contention can hardly be sustained. It is made upon the ground that the salary is payable out of a particular fund, and not out of the general county revenue. The difficulty in the present case is that there has been no appropriation made by the

27

county court of any part of the school fund to pay this claim, except the sum of $500, and the county court refuses to appropriate any additional sum. The claim has been presented to the county court, and in part rejected. In our opinion, this is the proper practice. Claims against the county funds, of whatever nature they may be, should be presented to the county court to be passed upon by that body; and its allowance of the claim is a sufficient authority to the proper ministerial officer — the county superintendent of schools, in this case — to draw his warrant on the treasurer for the payment of the claim. Without such allowance, it is difficult to see what check there would be upon the superintendent in making out these warrants for compensation. It is true the salary was fixed at $500 per annum, but there must be made some board or body—some authority somewhere—to determine whether or not the claimant has performed the services that entitle him to the compensation fixed by law. We think in this case the county court is that body, and has the authority; that it was its duty to make this allowance, and certify it to the county superintendent as his authority for issuing the warrant. We find no error in the judgment of the court below, and it is affirmed, with costs to respondent.

MINER and BARTCH, JJ., concur.